[No. 4,384.]

## JAMES L. BAKER v. THOMAS HOPE.

PLEADINGS IN TRESPASS.—If the complaint charges that the defendant maliciously and violently assaulted the plaintiff and struck him on the head with a heavy club, and the answer admits that the defendant struck the plaintiff with a "fence pole," it is an admission that the defendant struck the plaintiff substantially as charged, but not an admission of the alleged malice accompanying the blow.

JUDICIAL KNOWLEDGE.—The Court will take judicial knowledge of the fact that a "fence pole" is a heavy club.

APPEAL from the District Court, First Judicial District County of Santa Barbara.

The complaint charged that the defendant, on the 30th day of July, 1873, willfully, maliciously and violently assaulted the plaintiff, and struck him on the head and hands with a heavy club, and knocked him down, and bruised him, to his damage five thousand dollars. The answer denied that the defendant willfully or maliciously or violently assaulted the plaintiff, or that he struck him with a heavy club, and denied damages. It then admitted that the defendant struck the plaintiff "with a piece of fence pole," and contained matters of alleged justification. The case was tried before a jury. The Court charged the jury as follows:

"The defendant admits that he struck the plaintiff substantially as charged, but claims that he did so in the lawful and necessary protection of his property."

The testimony was not brought up in the transcript. The jury rendered a verdict in favor of the plaintiff for one thousand dollars, and judgment was rendered on the verdict. The defendant appealed from the judgment.

*Charles E. Huse*, for the Appellant.

The evil of the first instruction does not consist alone in the fact that the Court told the jury that the defendant admitted a striking with a heavy club, but that it told the jury that the complaint charged the defendant with having violently and maliciously assaulted the plaintiff with a

heavy club, with which the defendant was knocked down and bruised and beat, and that the instruction, "the defendant admits that he struck the plaintiff substantially as charged," was equivalent to instructing them that the defendant admitted the violence and malice.

*Fawcet & O'Brien,* for the Respondent.

The allegation of the complaint, as to the striking with a heavy club, is substantially admitted by the answer.   Taking the pleadings together, it appears that the issues were fairly stated to the jury in the instruction.   The defendant admitted the assault throughout, but attempted to justify. The instruction is in consonance with this theory.

By the Court, McKINSTRY, J.:

We think the first instruction given by the Court below is not obnoxious to the criticism to which it is subjected in appellant's brief.   The District Court properly asserted judicial knowledge of the fact that a "fence pole" is a "heavy club;" and when the Court said : " The defendant admits that he struck the plaintiff substantially as charged," it was a statement of an admission that he struck with a heavy club, and not of the alleged malice accompanying the blow.   Nor do we think the other points made by the appellant are well taken.

Judgment affirmed.

Neither Mr. Chief Justice WALLACE nor Mr. Justice NILES expressed an opinion.